UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00335-RJC

| BARRINGTON BOYD, | ) |  |
|---|---|---|
|  | ) |  |
| Appellant, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | ORDER |
| A. BURTON SHUFORD and LIVE NATURALLY, LLC, | ) |  |
|  | ) |  |
| Appellees. | ) |  |
|  | ) |  |

**THIS MATTER** comes before the Court upon appeal by Barrington Boyd ("Appellant"), who objects to two orders from the Bankruptcy Court. Appellant first objects to the Bankruptcy Court's Order Approving Interim Fees and Expenses of Counsel for the Trustee, (Doc. No. 1-1), which approved A. Burton Shuford's ("Appellee" or "Trustee") request for compensation and expenses as attorney for the estate. (Doc. No. 1). Appellant also objects to the Bankruptcy Court's approval of Trustee's Final Report. (Doc. No. 2).

I.  BACKGROUND

The Bankruptcy Judge adequately summarized the factual background of this case in her Order Approving Interim Fees and Expenses of Counsel for the Trustee, (Doc. No. 1-1). In summary, Appellant, *pro se*, originally commenced the underlying bankruptcy proceeding, In re Live Naturally, LLC, 3:16-BK-30739, by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on May 2, 2016. (Doc. No. 1-1 at 1). On July 18, 2016, after the Bankruptcy Court found the Chapter 11

reorganization unsuccessful, it converted Appellant's case to a Chapter 7 proceeding whereby Appellee was appointed trustee of the estate. (Id.). On July 18, 2016, Appellee was also appointed as Attorney for the Estate. (Id. at 2). Appellant objected to this appointment at a hearing held on August 10, 2016. On August 15, 2016, the Bankruptcy Court ultimately denied Appellant's objection after construing it as a "motion to reconsider." (Id.).

On May 3, 2017, Appellee sought reimbursement of expenses as well as compensation for his work as attorney for the estate. (Doc. No. 1-3). In doing so, Appellee did not seek compensation for his duties as trustee. (Id.). The Bankruptcy Court granted Appellee's application for reimbursement and compensation stating that the listed costs were reasonable for actual, necessary services rendered by Appellee as attorney for the estate. (Doc. No. 1-2 at 2).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals of the decisions of bankruptcy courts. A bankruptcy court's findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo. In re J.A. Jones, Inc., 492 F.3d 242, 249 (4th Cir.2007). Findings of fact are clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. In re Weiss, 111 F.3d 1159, 1166 (4th Cir.1997). "Stated differently, a choice between two permissible views of the evidence cannot be clearly erroneous," 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE–CIVIL § 52.31[1] (3d ed. 1997),

and "so long as the trial court's factual finding is plausible, the appellate court may not reverse it." 19 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE–CIVIL § 206.03[4] (3d ed. 1997); see also Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573–74 (1985).

## III. DISCUSSION

A review of the underlying Bankruptcy Court docket shows that Appellant fundamentally misunderstood the nature of the proceedings he was participating in. In multiple hearings, the Bankruptcy Judge gave Appellant the opportunity to voice his grievances but ultimately denied them as misinterpretations of the law. For example, during an August 10, 2016, hearing for Appellee's application as Attorney for the Estate, Appellant stated that Appellee did not deliver fair and just representation. In re Live Naturally, LLC, 3:16-BK-30739, ECF Doc. No. 93 at 00:04:50) (hereinafter "(BK Doc. No. __)"). The Bankruptcy Judge heard Appellants objection but had to clarify the situation.

"The problem with this case from the inception," the Judge stated, "has been a fundamental misunderstanding on your part of how this all works." The Judge explained to Appellant that Appellee "does not represent you. Neither does he represent Live Naturally. He represents the trustee and he is charged with doing what is in the best interest of the estate and the creditors and that is what is driving him and all of his actions." (Id. at 00:15:00)

Before the Court today is another such instance of Appellant's misunderstanding of Bankruptcy Law as a *pro se* party. Appellant submits two

objections for appeal before this Court. Both involve Appellee's compensation. To begin with, Appellant objects to the Bankruptcy Judge's order granting Appellee's Application for Interim Attorneys Fees and Expenses that the Bankruptcy Judge approved. (Doc. No. 1). Within this objection, Appellate challenges the Bankruptcy Court's approval of Appellee's application of compensation which granted: (1) compensation for Appellee's duties as attorney for the estate; and (2) reimbursement for the expenses Appellee made to utility companies on behalf of the estate. (Doc. No. 1). In his Second Objection, Appellant appeals to this Court similar issues, but targets the Bankruptcy Court's approval of Appellee's Final Report. (Doc. Nos. 2, 2-1).

In multiple hearings, the Bankruptcy Judge expressed doubt as to Appellant's standing to bring the above objections. (BK Doc. Nos. 228 at 00:08:25; 241 at 00:19:00). The Judge's doubts were well-founded. Appellant does not have standing to attack either Appellee's Application for Interim Attorneys Fees and Expenses or his Final Report.

Standing to appeal an order from a bankruptcy court requires the appellant to "be a 'person aggrieved'—one who has been 'directly and adversely affected peculiarly'—by the bankruptcy order." Pavlock v. Sheehan, No. 1:16CV39, 2016 WL 3960505, at *4 (N.D.W. Va. June 20, 2016), report and recommendation adopted, No. 1:16CV39, 2016 WL 3963027 (N.D.W. Va. July 21, 2016) (quoting In re Urban Broadcasting Corp., 401 F.3d 236, 244 (4th Cir 2005) (citation omitted)). "Ordinarily, a Debtor does not have standing to challenge the award of professional fees and

expenses, nor to object to claims, in an insolvent Chapter 7 estate." In re Eidson, 481 B.R. 380, 383 (Bankr. E.D. Va. 2012) (citing Willemain v. Kivitz, 764 F.2d 1019 (4th Cir.1985); In re Williams, 2012 WL 115413 (Bankr.E.D.Va.2012)). A debtor would have standing in a surplus case, however. Id. (citing In re Marshall, 2010 WL 3959612, n. 1 (Bankr.E.D.Va.2010)).

The same is true in terms of a Trustee's final report.

> The Trustee's final report reflects that general unsecured creditors will not receive any distribution from the bankruptcy estate. Thus, it appears that the Debtor lacks standing [to] argue that [a creditor] should not be paid any amount from his bankruptcy estate, and the court is uncertain as to why the Debtor filed a response to [the creditor's] objection to the Trustee's final report.

In re Smith, No. 92-20159, 2007 WL 2684539, at *1 n.1 (Bankr. S.D.W. Va. May 7, 2007) (citing 11 U.S .C. § 726(a) (providing the priority for distribution of estate property); Stinnett v. LaPlante (In re Stinnett), 465 F.3d 309 (7th Cir.2006) ("Only those persons affected pecuniarily by a bankruptcy order have standing to appeal that order. Debtors, particularly Chapter 7 debtors, rarely have such a pecuniary interest because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor.") (quoting In re Cult Awareness Network, Inc., 151 F.3d 605, 607–08 (7th Cir.1998)).

Here, Appellant's estate was rendered insolvent by the end of the Chapter 7 proceedings. (BK Doc. No. 241 at 00:12:55). As such, Appellant lacks standing because he felt no pecuniary effect from the Bankruptcy Court's orders.

## IV. CONCLUSION

As the Bankruptcy Judge stated, Appellant objects to the Bankruptcy Court's

order on the basis of a fundamental misunderstanding of the law. Appellant has no standing to appeal the Bankruptcy Court's Order Approving Interim Fees and Expenses of Counsel for the Trustee or Trustee's Final Report.

**IT IS, THEREFORE, ORDERED** that:

1. That Appellant's appeal from Bankruptcy Case number 16-30739 shall be **DISMISSED**; and

2. The Clerk of Court is directed to close this matter and advise the Bankruptcy Court in writing of the dismissal of this appeal.

Signed: March 29, 2018

Robert J. Conrad, Jr.
United States District Judge